[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO HOLD DEFENDANT FINANCIALLY RESPONSIBLE
The marriage of the parties was dissolved by a judgment of this court (Doherty, J.) on March 17, 1998. As part of its decree, the court incorporated the parties' Separation Agreement dated March 17, 1998.
On that same date the parties entered into a separate contract captioned "General Release" wherein the plaintiff, Lucy Powers, agreed to accept the sum of $25,000.00 from the defendant, Michael Powers, as full satisfaction of any and all claims she had or may have had against him for "acts or alleged acts of Michael M.. Powers as the result of alleged incidents involving funds in [the plaintiff's] name in the following accounts: The PBHG Fund, the Strong Fund and the Vanguard Group. "
In the parties' Separation Agreement, referenced above, the parties expressly stipulated and agreed as follows: ARTICLE VII — Mutual Releases. 7.1 Subject to the provisions of this agreement and mutual releases executed simultaneously herewith, each party has released and by this agreement does for himself or herself and his or her heirs, legal representatives, executors, administrators and assigns, release and forever discharge the other of and from all cause or causes of action, claims, rights or demands whatsoever, in law or equity, which either of the parties ever had or now has against the other."
Thereafter, the plaintiff filed the instant motion seeking to have the defendant held responsible for federal and state taxes and other financial penalties and interest which resulted from his removal of funds from certain accounts of the parties prior to the parties' written agreements and the judgment of March 17, 1998.
The defendant objected to such relief citing the parties' agreements.
The court finds that the relief sought in the motion is relief which might properly be awarded by the court on equitable grounds but for the agreements and understanding of the parties. By their terms, they were intended to compensate the plaintiff CT Page 10326 for any and all damages or losses she had or would sustain as a result of the defendant's conduct. They were entered into after the conduct and contemporaneously with the dissolution of their marriage. That very conduct was expressly cited as the reason the defendant paid consideration to the plaintiff for her release. It was relief negotiated by the parties and was expected to cover all of the consequences of the defendant's acts. Taxes, interest and penalties for premature withdrawal of money from the type of accounts involved here is very commonplace and certainly was, or should have been, within the contemplation of the parties at the time the releases were executed.
For the foregoing reasons, the plaintiff's motion is hereby denied.
By Court, Joseph W. Doherty